**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | CR 07 139-02ML |
| **v.** | : | CR. No. |
| | : | |
| **JAMES MIENIK** | : | |

FILED
OCT 25 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant JAMES MIENIK have reached the following agreement:

1. Defendant's Obligations.

a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a one count Information which charges introduction of a misbranded drug into interstate commerce, in violation of 21 U.S.C. §§331(a) and 333(a)(1). Defendant will plead guilty to the Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

b. Defendant will contribute $362,658.85 to White Broadman for the purpose of funding White Broadman's payment of those funds to the United States in connection with a separate plea agreement between the United States and White Broadman.

Defendant will execute whatever corporate resolutions as are necessary to effectuate the guilty plea and payment of funds by White Broadman.

c. The Defendant agrees to withdraw and dismiss any claims he has pending in the matter of United States v. Account Number 0036-73717-4629 in the Name of White Broadman; Account Number 0036-6099-5426 in the Name of Mienik Group, Inc.; and Account Number 0034-3439-0817 Names of James and Barbara Meinik, all Located at the Bank of America in Fort Lauderdale, Florida, C.A. No. 04-364ML.

2. Government's Obligations. In exchange for Defendant's waiver of indictment and plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the United States Sentencing Guidelines (the "Guidelines"), including a recommendation of probation or a "split sentence," if permitted by the guidelines.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the Guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to

enter a plea of guilty, thereby permitting the government to avoid preparing for trial. If the offense level is 16 or greater, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The United States is free to recommend any combination of supervised release, fines, and restitution that it deems appropriate.

e. This plea agreement is intended to resolve, to the extent that the government is aware of it on the date of this agreement, all criminal liability of the Defendant, in connection with the business activities of White Broadman in marketing the products "Penetrin" and "Penetrex," preceding the date of this Agreement.

3. Defendant understands that the Guidelines are not binding on the Court, and that, although the Court must consult the Guidelines in fashioning any sentence in this case, the Guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the Guidelines:

a. The applicable guideline is § 2N2.1 and therefore the Base Offense Level is Level 6 under Guideline §2N2.1(a).

b. The offense did not involve fraud and therefore there is not a cross reference to § 2B1.1 under Guideline § 2N2.1(b)(1).

c. The offense was not committed in furtherance of, or to conceal, an offense covered by another offense guideline therefore there is not a cross reference to any other offense guideline under Guideline § 2N2.1(b)(2).

d. The offense did not involve a vulnerable victim under Guideline § 3A1.1(b).

e. The Defendant did not have an aggravating role in the offense under Guideline § 3B1.1.

f. The offense did not involve either the abuse of a position of trust or the use of a special skill under Guideline § 3B1.3.

g. As of the time of this Agreement the Defendant has not obstructed justice under Guideline § 3C1.1.

i. In light of all of the above, and assuming continued acceptance of responsibility, the final Total Offense Level is Level 4.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case.

6. The maximum and minimum statutory penalties for the offenses to which Defendant is pleading are as follows:

Count 2:
- One (1) year imprisonment;
- a term of supervised release of one (1) year;
- a fine of $1,000; and
- a mandatory special assessment of $25.

7. Defendant agrees that after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessment. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the Guidelines for Acceptance of Responsibility.

8. Defendant is advised and understands that:

- The government has the right, in a prosecution for perjury or false statement, to use against Defendant any statement that Defendant gives under oath;

- Defendant has the right to plead not guilty;
- He has the right to a jury trial;
- He has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;
- He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses the witnesses against him; and
- Defendant waives these trial rights if the Court accepts his plea of guilty.
- Defendant is also advised and understands that items of physical evidence are in the possession of the government. Defendant further understands that the government does not intend to conduct DNA testing of any of these items. Defendant further understands he could request DNA testing of such evidence in this case prior to any findings of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offenses to which he is pleading guilty, he has the right to request

DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that he will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that he is innocent of the offenses to which he is pleading guilty.

9. The United States reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10. Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the Guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the Guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and

including the statutory maximum. Defendant also understands that, even if the Court's guideline determinations and sentence are different than he expects, Defendant will not be allowed to withdraw his plea of guilty.

12. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives the right to file a direct appeal if the sentence imposed by the Court is within the guideline range at Offense Level 4 or lower. This agreement does not affect the rights or obligations of the United States as set forth in § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all of his obligations under this agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the Guidelines, and does not commit any new offenses. Defendant understands that if he violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw his guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement.

17. Defendant states that he has read the agreement or has had it read to him, has discussed it with counsel, understands it, and agrees to its provisions.

JAMES MIENIK
Defendant

Date 10/05/07

KEVIN J. NAPPER, ESQ.
Counsel for Defendant

10/5/07
Date

ANTHONY M. TRAINI, ESQ.
Counsel for Defendant

10/25/07
Date

TERRENCE P. DONNELLY
Assistant U.S. Attorney

10/9/07
Date

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney
Criminal Chief

10/25/2007
Date